**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) Case No. 08-20040-01-JWL
)
MICHAEL L. RICHARDS, )
)
Defendant. )
)

**MEMORANDUM AND ORDER**

On March 27, 2008, an indictment was filed against Michael L. Richards. Mr. Richards seeks to dismiss Count 3 (Doc. 62) and Count 5 (Doc. 60) of the indictment for insufficiency of evidence. For the reasons discussed below, these motions are denied.

**1. Standard of Review**

An indictment is considered constitutionally sufficient if it "(1) contains the essential elements of the offense intended to be charged, (2) sufficiently apprises the accused of what he must be prepared to defend against, and (3) enables the accused to plead a judgment under the indictment as a bar to any subsequent prosecution for the same offense." *United States v. Brown*, 925 F.2d 1301, 1304 (10th Cir. 1991) (citing *United States v. Kilpatrick*, 821 F.2d 1456, 1461 (10th Cir. 1987), *aff'd sub nom. Bank*

*of Nova Scotia v. United States*, 487 U.S. 250 (1988)); *see also United States v. Redcorn*, 528 F.3d 727, 733 (10th Cir. 2008). Generally, the sufficiency of the government's evidence to support a particular charge may not be tested by challenging the indictment prior to trial. *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006); *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994). The appropriate inquiry on a motion to dismiss an indictment is not whether the government has presented sufficient evidence to support the charge, but rather whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense. *Todd*, 446 F.3d at 1067 (citing *Hall*, 20 F.3d at 1087 and *United States v. Sampson*, 371 U.S. 75, 78-79 (1962)). Therefore, courts are to "avoid considering evidence outside the indictment when testing the indictment's legal sufficiency." *Id.* (citing *Hall*, 20 F.3d at 1087).

However, in certain "limited circumstances," an indictment may be dismissed before trial even if facially valid where "undisputed evidence shows that, as a matter of law, the [d]efendant could not have committed the offense for which he was indicted." *Todd*, 446 F.3d at 1068. This procedure may be utilized only where (1) the underlying facts are undisputed and (2) the government does not object to the court considering such factual evidence. *Id.* (citing *Hall*, 20 F.3d at 1088). Such dismissals are to be the "rare exception," rather than the rule. *Id*. The Tenth Circuit has explained that this exception permits a court to look beyond the facial validity of the indictment to consider its factual basis, to determine "whether the elements of the criminal charge

can be shown sufficiently for a submissible case." *Brown*, 925 F.2d at 1304. However, it has cautioned that such dismissals "are not to be made on account of a lack of evidence to support the government's case." *Todd*, 446 F.3d at 1608.

**2. Discussion**

Count 3

> Count 3 of the indictment states that:
>
> On or about March, 5, 2008, in the District of Kansas, Michael L. Richards did unlawfully and knowingly open, lease, rent, use, maintain, manage and control, a place, that is, a residence that is located at 1201 Gilmore, Kansas City, Kansas, for the purpose of distributing marijuana, a controlled substance, in violation of 21, United States Code, Section 856(a)(1) & (2).

(Doc. 10.) Mr. Richards argues that Count 3 of the indictment should be dismissed for insufficiency of evidence because his selling of marijuana was "nothing more than a collateral purpose of his residence." (Doc. 62.) In support of his argument Mr. Richards asserts that he had lived in the residence for several years prior to his arrest and that he is only charged with two sales of small amounts of marijuana. (Doc. 62.) In addition, Mr. Richards argues that "21 U.S.C. § 856(a) . . . was enacted to criminalize the use of 'dope houses' by drug dealers, and was not intended to apply to a person whose primary purpose in maintaining his residence was as a home for himself." (Doc. 62.) Mr. Richards is correct in stating that "manufacturing, distributing, or using drugs must be more than a mere collateral purpose of the residence" for a conviction to stand under 21 U.S.C. § 856(a). *United States v.*

*Verners*, 53 F.3d 291, 296 (10th Cir. 1995). He has not, however, satisfied the high standard for dismissing an indictment *before* trial. *See Todd*, 446 F.3d at 1068.

The underlying facts surrounding Count 3 of the indictment are disputed by the government. (Doc. 63.) As such, it is improper for this Court to consider evidence outside the indictment. *Todd*, 446 F.3d at 1067. Contrary to Mr. Richards assertions, it is the government's position that Mr. Richards made a full confession, admitting to "selling marijuana in the past from his residence, to storing marijuana at the residence and to being in possession of the firearms and drugs in his residence." (Doc. 63.)

In addition to the facts being disputed by the government, Mr. Richards has failed to show that, *as a matter of law*, the prosecution is incapable of proving him guilty beyond a reasonable doubt. *See Todd*, 446 F.3d at 1068. The facts alleged in Count 3 of the indictment, if taken as true, are sufficient to establish a violation of the charged offense. As such, it is improper for this Court to weigh the sufficiency of the government's evidence at this time. *Id.* at 1067.

Count 3 of the indictment contains the essential elements of the offense charged, it sufficiently apprises Mr. Richards of what he must be prepared to defend against, and it enables Mr. Richards to plead a judgement under the indictment as a bar to any subsequent prosecution for the same offense. *See Brown*, 925 F.2d at 1304. For these reasons the indictment is constitutionally sufficient and, therefore, Mr. Richards' motion to dismiss Count 3 of the indictment is denied.

Count 5

Count 5 of the indictment states that:

> On or about March 5, 2008, in the District of Kansas, the defendant, Michael L. Richards, did knowingly, intentionally and unlawfully use a firearm . . . during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, that is , possession with intent to distribute marijuana, and did possess said firearms, . . . in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute marijuana, in violation of Title 18, United States Code, Section 924(c).

(Doc. 10.) Mr. Richards argues that Count 5 of the indictment should be dismissed because the evidence is insufficient, as a matter of law, to establish that he "use[d]" a firearm "during and in relation to a drug trafficking crime" or possessed a firearm "in furtherance of a drug trafficking crime," as defined in 18 U.S.C. § 924(c). (Doc. 60.) A defendant "uses" a firearm "during and in relation to a drug trafficking crime" if the "defendant has 'ready access' to the firearm and the firearm 'was an integral part of his criminal undertaking' and its availability increased the likelihood that the criminal undertaking would succeed." *United States v. Williams*, 923 F.2d 1397, 1402-03 (10th Cir. 1990) (quoting *United States v. McKinnell*, 888 F.2d 669, 675 (10th Cir. 1989)). A defendant possesses a firearm "in furtherance of a drug trafficking crime" when he is in possession of a firearm for the purpose of "assisting in, promoting, accomplishing, advancing, or achieving the goal or objective of the underlying offense." *United States v. Basham*, 268 F.3d 1199, 1206 (10th Cir. 2001). Although each prong is slightly different, both require that the government establish a "nexus" between the firearm and the alleged crime. *United States v. Avery*, 295 F.3d 1158,

1175 (10th Cir. 2002).

Mr. Richards argues that there was no "nexus" between the firearms found in his residence and his underlying alleged violations of selling marijuana and possessing marijuana with the intent to distribute it. (Doc. 60.) In support of his argument Mr. Richards asserts that the firearms in question were not used in connection with any alleged sales of marijuana and were not located where the marijuana was allegedly possessed.[1] (Doc. 60.) Also, Mr. Richards argues that the two sales of marijuana were for small amounts and that the dangerous location of his residence required him to possess the firearms for self-protection, not to further drug sales. (Doc. 60.)

The government disputes the facts surrounding Count 5 of the indictment. It is the government's position that there was, in fact, a "nexus" between the firearm and the underlying offense. (Doc. 63.) In support of it's position the government asserts that Mr. Richards confessed to "firing upon the officers" as they arrived at his residence because he feared that he was being robbed of, among other things, his "marijuana and cash proceeds from his sales of marijuana." (Doc. 63.) Because the facts are disputed by the government, it is improper, at this time, to consider evidence outside the the indictment. *Todd*, 443 F.3d at 1068.

Notwithstanding this deficiency, Mr. Richards has failed to demonstrate that

---

[1] "One firearm (.357 revolver) was located in the bathroom with the Defendant, another firearm (.45 caliber pistol) was found under a pillow in a bedroom, and the third firearm (AK-47) was found in a closet." (doc. 60).

6

the government is incapable, *as a matter of law*, of proving him guilty beyond a reasonable doubt as to Count 5 of the indictment. The facts alleged in Count 5 of the indictment, if taken as true, are sufficient to establish a violation of the charged offense. As such, this Court will not engage in weighing the sufficiency of the government's evidence at this time. *Id.* at 1067.

Count 5 of the indictment contains the essential elements of the offense charged, it sufficiently apprises Mr. Richards of what he must be prepared to defend against, and it enables Mr. Richards to plead a judgement under the indictment as a bar to any subsequent prosecution for the same offense. *Brown*, 925 F.2d at 1304. For these reasons the indictment is constitutionally sufficient and, therefore, Mr. Richards motion to dismiss Count 5 of the indictment is denied.

**3. Conclusion**

The government has not stipulated to the facts surrounding Count 3 or Count 5 of the indictment. As such, the strength of the governments evidence supporting the indictment cannot be challenged at this time. *Todd*, 446 F.3d at 1068. The sole inquiry when evaluating the sufficiency of an indictment is not whether there exists sufficient evidence to support the charge, but rather "whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense." *Id*. For these reasons it is improper for this Court to dismiss Counts 3 and 5 of the indictment.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motions to dismiss Count 3 (Doc. 62) and Count 5 (Doc. 60) of the indictment are denied.

**IT IS SO ORDERED** this 24th day of June, 2010.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge