# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 08-20040-01-JWL |
| MICHAEL L. RICHARDS, ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

On March 27, 2008, the United States filed a six-count indictment against Mr. Richards (doc. 10). In part relevant to this motion, Count 3 alleges Mr. Richards maintained a residence for the purpose of distributing marijuana, and Count 5 alleges Mr. Richards used and possessed a firearm during a drug trafficking crime.

On March 3, 2010, Mr. Richards filed a "Motion for Bill of Particulars" (doc. 56). In particular, Mr. Richards claims Count 3 lacks information alleging "*how* the Defendant allegedly rented, maintained, or managed and controlled his residence for the purpose of distributing marijuana," and Count 5 lacks information alleging both "*how* the Defendant allegedly used any firearms in his residence during and in relation to a drug trafficking crime" and "*how* the Defendant possessed any firearms in furtherance of a drug trafficking crime" (doc. 56 (emphasis added)).

For the reasons discussed below, the motion is **denied**.

**1.     Discussion**

Rule 7(f) of the Federal Rules of Criminal Procedure governs bills of particulars by providing the following:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f). It is well-established that "the grant or denial of a defendant's request for a bill of particulars rests within the sound discretion of the court." *United States v. Sapp*, 835 F. Supp. 1346, 1348 (D. Kan. 1993) (citing *United States v. Wright*, 826 F.2d 938, 942 (10th Cir. 1987) and *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983)).

A court may grant a bill of particulars to supplement an indictment when necessary to 1) enable the defendant to prepare a defense, 2) minimize unfair surprise at trial, or 3) avoid the danger of double jeopardy. *E.g.*, *Sapp*, 835 F. Supp. at 1348. The defendant carries the burden of establishing that he somehow satisfies one of the three criteria. *United States v. Anderson*, 31 F. Supp. 2d 933, 939 (D. Kan. 1998).

On its face, Mr. Richards' motion does not show how a bill of particulars will enable him to prepare a defense, minimize unfair surprise during the trial, or prevent the dangers of double jeopardy. Instead, Mr. Richards provides a recitation of the criteria, but declines to show how his request satisfies one of them. Thus, Mr. Richards has failed to meet his burden.

Mr. Richards' motion expressly requests information regarding *how* the government intends to prove each of counts with which the government has charged him. A bill of particulars, however, may not be used to "obtain discovery, evidentiary detail of government's case, or information regarding government legal theories." *Sapp*, 835 F. Supp. at 1348. "Evidentiary detail is not a proper request for a bill of particulars." *United States v. Cooper*, 283 F. Supp. 2d 1215, 1239 (D. Kan. 2003). Thus, Mr. Richards fails to provide a valid reason for a bill of particulars.

Moreover, "in the Tenth Circuit, it is usually enough for the indictment to track the statute when the statute adequately expresses all of the elements of the offense." *United States v. Shepard*, 188 F.R.D. 605, 609 (D. Kan. 1999). When an indictment includes the date and location of the alleged offense, and the general conduct alleged to have constituted the criminal act, the court may rightfully deny a defendant's motion for a bill of particulars. *Id.*

Count 3 of Mr. Richards' indictment alleges:

On or about March 5, 2008, in the District of Kansas, the defendant, Michael L. Richards, did unlawfully and **knowingly open, lease, rent, use, maintain, manage and control, a place**, that is, a residence located at 1201 Gilmore, Kansas City, Kansas, **for the purpose of distributing marijuana**, a controlled substance, in violation of Title 21, United States Code, Section 856(a)(1) & (2).

(Doc. 10. (emphasis added)) The statute referenced in Count 3 makes it unlawful to "knowingly open, lease, rent, use, or maintain any place, whether permanently or temporarily, for the purpose of manufacturing, distributing, or using any controlled

3

substance" or "manage or control any place . . . as an owner [or] lessee . . . for the purpose of unlawfully manufacturing, storing, distributing, or using a controlled substance." 21 U.S.C. § 856(a)(1)-(2) (2000). Count 3 tracks closely the language from the statute, and the statute adequately expresses the elements of the claim. Further, Count 3 sets out the date, specific physical location, and general conduct giving rise to the allegation. For these reasons, Count 3 does not require a bill of particulars.

> Similarly, Count 5 of Mr. Richards' indictment alleges:
>
> On or about March 5, 2008, in the District of Kansas, the defendant, Michael L. Richards did knowingly, intentionally and unlawfully **use a firearm**, that is, a .357 caliber Smith &Wesson revolver, Model 19-4, serial number 49K8856; a .45 caliber Springfield Armory pistol, Model 1911-A1, serial number 34979; and, a 7.62 x 39 mm AK-47 rifle, serial number BU-1649-86; **during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States**; that is possession with intent to distribute marijuana, and **did possess said firearms**, that is, a .357 caliber Smith & Wesson revolver 19-4, serial number 49K8856; a .45 caliber Springfield Armory pistol, Model 1911-A1, serial number 34979; and, a 7.62 x 39 mm AK-47 rifle, serial number BU-1649-86; **in furtherance of a drug-trafficking crime for which he may be prosecuted in a court of the United States**, that is, possession with intent to distribute marijuana.

(Doc. 10. (emphasis added)) The statute upon which Count 5 is based imposes a minimum penalty on "any person who, during and in relation to any crime of violence or drug trafficking . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in the furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A) (2000). Count 5 tracks closely the language of the statute, and the statute adequately expressed the elements of the

4

claim. Moreover, Count 5 sets out the date, general physical location, types of firearms, and general conduct giving rise to the allegation. For these reasons, Count 5 does not require a bill of particulars.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion for a bill of particulars (doc. 56) is **denied**.

**IT IS SO ORDERED** this 24th day of June, 2010.

                                      s/ John W. Lungstrum
                                      John W. Lungstrum
                                      United States District Judge