IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-20040-01-JWL |
| | ) | |
| MICHAEL L. RICHARDS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

After a jury trial in July 2010, defendant was convicted of five drug- and firearm-related offenses.  The matter is presently before the Court on Defendant's Motion for Judgment of Acquittal Notwithstanding the Verdict or, in the Alternative, for a New Trial (Doc. # 98), pursuant to Fed. R. Crim. P. 29 and 33.  For the reasons set forth below, the motion is **denied**.

### I.    Sufficiency of the Evidence on Count 5

The jury found defendant guilty of a violation of 18 U.S.C. § 924(c), as charged in Count 5 of the superseding indictment.  That statute prohibits a person from using or carrying a firearm "during and in relation to" a drug trafficking crime (in this case, possession with intent to distribute marijuana), or from possessing a firearm "in furtherance of" such a crime.  *See id.* § 924(c)(1)(A).  The jury also indicated, in

response to a special verdict interrogatory, that they did *not* find beyond a reasonable doubt that defendant "discharged a firearm during and in relation to or in furtherance of a drug trafficking crime." Defendant argues that the evidence at trial was insufficient to sustain a conviction on this count.[1]

In resolving defendant's challenge to the sufficiency of the evidence, the Court must determine whether, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt." *United States v. Doddles*, 539 F.3d 1291, 1293 (10th Cir. 2008) (quotation omitted). The Court must "resolve any possible conflicts in the evidence in favor of the government and assume that the jury found that evidence credible." *Id.* at 1293-94 (citation omitted). "While the evidence supporting the conviction must be substantial and do more than raise a mere suspicion of guilt, it need not conclusively exclude every other reasonable hypothesis and it need not negate all possibilities except guilt." *United States v. Burkley*, 513 F.3d 1183, 1188-89 (10th Cir. 2008) (internal quotation omitted). With respect to defendant's request for a new trial, Rule 33 provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "A motion for a new trial is not

---

[1]In his motion , defendant contends that the evidence was insufficient generally with respect to the crimes charged in the superseding indictment. In his two briefs, however, defendant offers argument only with respect to the sufficiency of the evidence on Count 5. Accordingly, to the extent that defendant's motion also challenges the sufficiency of the evidence supporting the other four convictions, the motion is denied. *See infra* Part V (noting the overwhelming evidence supporting the other convictions).

regarded with favor and is only issued with great caution." *United States v. Herrera*, 481 F.3d 1266, 1269-70 (10th Cir. 2007) (internal quotation omitted).

With respect to Count 5, the government was required to prove either that defendant used a firearm "during and in relation to" the underlying crime (possession of marijuana with intent to distribute), or that he possessed a firearm "in furtherance of" that crime. In Instruction 18, the jury was instructed as follows:

> The phrase "during and in relation to" means that the firearm played an integral part in the underlying crime, that it had a role in, facilitated (i.e. made easier), or had the potential of facilitating the underlying crime.

> A defendant knowingly "uses" a firearm when it (1) is readily accessible and (2) is actively employed during and in relation to the underlying crime.

> In determining whether the defendant knowingly used a firearm during and in relation to the underlying crime, you may consider all of the facts received in evidence including the nature of the crime, the usefulness of a firearm to the crime, the extent to which a firearm actually was observed before, during and after the time of the crime, and any other facts that bear on the issue.

> A firearm plays an integral part in the underlying crime when it furthers the purpose or effect of the crime and its presence or involvement is not the result of coincidence. The government must prove a direct connection between the defendant's use of the firearm and the underlying crime, but the crime need not be the sole reason the defendant used the firearm.

> Possession "in furtherance of" means for the purpose of assisting in, promoting, accomplishing, advancing, or achieving the goal or objective of the underlying offense. Mere presence of a firearm at the scene is not enough to find possession in furtherance of a drug trafficking crime, because the firearm's presence may be coincidental or entirely unrelated to the underlying crime. Some factors that may help in

determining whether possession of a firearm furthers, advances, or helps advance a drug trafficking crime include, but are not limited to:

1. the type of criminal activity that is being conducted;
2. accessibility of the firearm;
3. the type of firearm;
4. whether the firearm is stolen;
5. the status of the possession (legitimate or illegal);
6. whether the firearm is loaded;
7. the time and circumstances under which the firearm is found; and
8. proximity to drugs or drug profits.

*See United States v. Basham*, 268 F.3d 1199, 1208 (10th Cir. 2001) (approving use of this instruction as it relates to "in furtherance" prong).

The Government suggests that the evidence regarding the accessibility of all three firearms found at defendant's residence is sufficient to satisfy the "use" prong of this offense, which requires that the defendant have used the firearm during and in relation to the underlying drug trafficking offense (possession with intent to distribute marijuana). In the indictment, however, the Government charged defendant with a violation of the "use" prong only with respect to one of the firearms, a .357 revolver. Defendant did indeed use that firearm when he fired two shots from his bathroom after officers entered his residence to execute a search warrant. In its verdict, however, the jury indicated that it did *not* find beyond a reasonable doubt that defendant discharged the firearm during and in relation to a drug trafficking offense. The Government has not pointed to any evidence that defendant actively employed the .357 revolver on any other occasion. *See United States v. Iiland*, 254 F.3d 1264, 1270-71 (10th Cir. 2001) ("use"

under this statute requires active employment of the firearm) (citing *United States v. Bailey*, 516 U.S. 137, 143 (1995)).

Nevertheless, the Court need not decide whether there was sufficient evidence to support a conviction under the "use" prong, in light of the ample evidence supporting a conviction under the prong of the statute prohibiting possession of a firearm in furtherance of the underlying drug trafficking crime. Considering that evidence in favor of the Government, the factors listed in the applicable instruction overwhelmingly support a finding that defendant did possess at least one firearm in furtherance of his drug trafficking. <u>First</u>, defendant's criminal activity consisted of trafficking in marijuana, and a police officer testified that, because theft among dealers is common, drug dealers usually possess firearms to protect their drugs and sale proceeds. Moreover, the confidential informant who participated in two controlled buys from defendant had bought marijuana from defendant on more than ten other occasions. That testimony, along with the quantity of drugs, drug paraphernalia, and amount of cash found at defendant's residence, indicate ongoing drug trafficking. <u>Second</u>, defendant's three firearms were readily accessible—in a residence consisting of only a few rooms, an assault rifle stood in plain view in an open closet, a pistol lay on the floor next to the bed in the bedroom where drugs and proceeds were found, and defendant had the revolver in the bathroom with him while he showered. <u>Third</u>, defendant's firearms—a .357 revolver, an automatic assault rifle, similar to an AK-47, and a semi-automatic pistol—are types of firearms that are either powerful or easily concealed or both. <u>Fourth</u>,

there was no evidence that the firearms were stolen, but, <u>fifth</u>, as a convicted felon, defendant possessed them illegally. <u>Sixth</u>, all three firearms were loaded when police found them, and an officer testified that all three were capable of being fired. <u>Seventh</u>, the firearms were found during the execution of a search warrant that followed the two controlled purchases of drugs from defendant. <u>Eighth</u>, the firearms were found in fairly close proximity to drugs and drug proceeds, with the pistol lying only a few feet from the file cabinet containing the bulk of the drugs and cash. *See, e.g.*, *United States v. Gorman*, 355 F. App'x 234, 237 (10th Cir. Dec. 10, 2009) (considering these factors in a similar case).

Additionally, the confidential informant testified that, during one purchase of marijuana, defendant showed her multiple firearms and indicated that they were used for protection. The context of that conversation and display of the firearms provides additional evidence of a nexus between defendant's possession of the firearms and his drug trafficking activity.

Accordingly, the Court concludes that the evidence was sufficient to support the jury's conviction of defendant for possession of a firearm in furtherance of a drug trafficking crime, and it denies defendant's motion for acquittal or a new trial to that extent.[2]

---

[2]Defendant also states, in a separate numbered paragraph in his motion, that "[t]he verdict is contrary to the evidence and the law in this case." Defendant has not included any argument to support that contention, however. Thus, to the extent that defendant
(continued...)

## II.    Instruction 18

Defendant argues that the Court erred in giving Instruction 18 regarding Count 5, which is quoted in part above.  Specifically, defendant argues that the instruction should not have included the non-exclusive list of factors that "may help in determining whether possession of a firearm furthers, advances, or helps advance a drug trafficking crime."  Defendant argues, without citation to authority, that the instruction improperly magnifies the listed factors.

The Tenth Circuit has previously rejected this argument, approving the use of this exact instruction, including this list of non-exclusive factors, as it relates to the "in furtherance" prong of the offense charged in Count 5, as one that fairly and accurately states the law.  *See United States v. Basham*, 268 F.3d 1199, 1208 (10th Cir. 2001). Defendant has not identified any other way in which Instruction 18 was deficient. Accordingly, the Court denies defendant's motion on this basis.


## III.    Methamphetamine Evidence

Defendant argues that the Court erred in admitting any evidence concerning a small amount of methamphetamine (meth) found at his residence.  The meth itself was admitted into evidence, as was a videotaped statement in which defendant stated that the small amount of meth was for his personal use, while he intended to sell the larger

---

[2](...continued)
makes that assertion as a separate basis for relief, the Court denies the motion.

amount of marijuana also found at the residence. A police detective testified that the small amount of meth found was consistent with personal use only.

The Court concludes that it did not err in admitting this evidence. As the Court ruled in denying defendant's motion in limine, this evidence was relevant with respect to the believability of defendant's statement, in which he effectively distinguished the small amount of meth intended for his personal use from the larger amount of marijuana that he intended to sell—a distinction corroborated by the detective's testimony. Defendant has not explained why the evidence was not relevant for that specific purpose. Moreover, any possible prejudice was mitigated by the fact that twice during the trial the Court gave a limiting instruction, by which it cautioned the jury that the meth evidence could not be considered as making it more likely that defendant was a bad person or that he committed the crimes charged, but was relevant only to defendant's statement and the distinction made therein. Accordingly, the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403.


## IV. **"Pipe Bomb" Evidence**

Defendant also argues that the Court erred in admitting evidence that a "pipe bomb" was found at his residence. Defendant argues that such evidence was unduly prejudicial because it made him look like a terrorist in the eyes of the jury. The Court rejects this argument as well.

There was no testimony at trial concerning a "pipe bomb". The only such

reference occurred in defendant's videotaped statement to police, which was played for the jury. In the statement, defendant indicated that a PVC pipe found at his residence had been used to set off fireworks, and that any powder in the pipe had come from that activity. Defendant stated that there was no fusing attached to the pipe. The police officer then summarized defendant's responses by noting that defendant was therefore using the pipe to store the excess powder, instead of as "what . . . we commonly term as a pipe bomb," and defendant agreed with that summation, stating that the pipe was "no kind of bomb or nothing like that."

The Court concludes that it did not err in admitting this portion of defendant's statement. As the Court ruled at trial, this evidence, in the context of the statement as a whole, was relevant to show defendant's general coherence in giving the statement, as it related to whether defendant's statement to police was knowing and voluntary. Moreover, as the Court further noted at trial, the prejudicial effect was minimal—defendant explained that the pipe was used for fireworks only and was not part of a bomb, and the only reference to a "pipe bomb" occurred when the officer confirmed that the pipe was *not* such a device. Finally, any possible prejudicial effect was addressed by a limiting instruction given by the Court after the statement was played to the jury. Thus, once again, the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice, *see* Fed. R. Evid. 403, and the evidence was properly admitted.

## V.    Reference to Defendant's Prior Convictions

Finally, defendant argues that the Court erred in refusing to grant him a mistrial after the Court referred to his prior convictions for aggravated battery and attempted aggravated battery while instructing the jury with respect to the felon-in-possession charge in Count 6.  Prior to trial, the Court granted defendant's motion to exclude any references to those specific prior offenses in light of defendant's stipulation that he had a previous conviction that prohibited him from possessing a firearm, and such a stipulation was in fact read to the jury during trial.  Nevertheless, at the instruction conference conducted prior to closing arguments, defendant failed to object to an instruction that included the indictment's reference to the specific prior offenses.  After the instruction was read, defendant moved for a mistrial, and the Court denied the motion, although it gave a curative instruction to the jury.

In *Old Chief v. United States*, 519 U.S. 172 (1997), the Supreme Court held that a district court abuses its discretion when it admits the record of a prior conviction, in the face of an offer to stipulate to the fact of a prior conviction, "when the name or nature of the prior offense raises the risk of a verdict tainted by improper considerations, and when the purpose of the evidence is solely to prove the element of prior conviction." *Id.* at 174; *see also United States v. Wilson*, 107 F.3d 774, 784 (10th Cir. 1997) (under holding of *Old Chief*, district court erred in admitting a prior conviction for the purpose of supporting the prior felony element of a felon-in-possession charge, in light of the defendant's offer to stipulate to the existence of the prior conviction).  Any such error,

however, is not of constitutional dimension, and is therefore subject to a harmless error analysis under Fed. R. Crim. P. 52(a). *See Wilson*, 107 F. 3d at 785. Such an error is harmless "unless it had a substantial influence on the outcome or leaves one in grave doubt as to whether it had such effect," in the context of the entire case against the defendant. *Id.* at 785-86 (internal quotations and citations omitted).

The Tenth Circuit addressed this same issue in *United States v. Sullivan*, 108 F. App'x 579 (10th Cir. Aug. 23, 2004) (unpub. op.), in which the reference to a specific prior offense (arson) was not removed from the indictment, which was read to the jury, despite the defendant's stipulation to the existence of a prior felony. *See id.* at 580. The court noted that the defendant bore some responsibility for the reading to the jury, as he had failed to request that the indictment be redacted. *See id.* at 582. The court concluded that it did not need to decide whether the district court had actually erred, however, because any such error was harmless. *See id.* The court reasoned as follows:

> The government convincingly argues that the court's one-word reference to arson in the indictment did not have a substantial influence on the jury's verdict. With the exception of this brief reference, the jury heard no other evidence of or references to the name or nature of Mr. Sullivan's prior felony. In addition, the court twice instructed the jury not to consider the indictment or the name of any felony conviction as evidence. We, of course, assume that jurors follow the court's instructions. *See, e.g.*, *United States v. Castillo*, 140 F.3d 874, 884 (10th Cir. 1998). Although a jury instruction certainly does not always cure the prejudicial effect, it mitigates potential prejudice in a case such as this, in which the jury heard a single, brief reference to the name of the prior conviction and the evidence of the defendant's guilt was substantial.

*Id.* (additional citations omitted).

The Court concludes that the Tenth Circuit would reach the same conclusion under the facts of the present case. As in *Sullivan*, defendant bears some responsibility here, as he failed to object to the instruction that contained the reference to the battery convictions. Moreover, even if the Court erred in failing to redact the instruction's reference to the convictions from the indictment, the error was harmless. As in *Sullivan*, the reference to the specific convictions was very brief, and the jury heard no other evidence of or references to the name or nature of those convictions. The Court gave a limiting instruction, and the Court must assume that the jury heeded that instruction.[3] Finally, the evidence of defendant's guilt was substantial. The evidence supporting defendant's conviction on Count 5 is noted above. The other convictions were supported by overwhelming evidence. For instance, the convictions for distribution of marijuana (Counts 1 and 2) were supported by the evidence of two controlled purchases from defendant by a confidential informant, including testimony by the informant herself. The conviction for possession of marijuana with intent to distribute (Count 4) was supported by the amount of marijuana found at defendant's residence and defendant's own admission, in his videotaped statement, that he intended to sell a portion of that marijuana. The conviction for being a felon in possession of a firearm (Count 6) was

---

[3]Indeed, defendant's argument that the jury could simply have based its verdict on a characterization of defendant as a violent batterer is undermined by the fact that the jury actually acquitted defendant on one count (Count 3, in which defendant was charged with maintaining a residence for the purpose of distributing marijuana) and also found for defendant with respect to Count 5's special interrogatory.

supported by the evidence of the three firearms found at defendant's residence and the fact that defendant actually fired one of them during the execution of a search warrant at the residence.[4]

For these reasons, the Court concludes that any error with respect to the reference to defendant's specific prior convictions was harmless. Accordingly, the Court denies the motion for a new trial on this basis.

IT IS THEREFORE ORDERED BY THE COURT THAT Defendant's Motion for Judgment of Acquittal Notwithstanding the Verdict or, in the Alternative, for a New Trial (Doc. # 98) is **denied**.

IT IS SO ORDERED.

Dated this 10th day of November, 2010, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[4]In light of this evidence, any error with respect to the admission of evidence concerning meth or a "pipe bomb", *see supra* Parts III and IV, would also constitute harmless error.