# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

**v.**                                                      Case No. 08-20040-JWL
                                                                   13-2399-JWL

**Michael L. Richards,**

    **Defendant.**

## MEMORANDUM & ORDER

In July 2010, a jury convicted Mr. Richards of two counts of distribution of marijuana, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D); one count of possession with intent to distribute marijuana, *id.*; one count of use of a firearm during and in relation to, or possession of a firearm in furtherance of, a drug trafficking crime, 18 U.S.C. § 924(c); and one count of being a felon in possession of a firearm and ammunition, *id.* §§ 922(g)(1), 924(a)(2). The court sentenced Mr. Richards to 60 months' imprisonment on each of the marijuana counts and to 84 months' imprisonment on the felon-in-possession count, all to run concurrently to each other; and to 60 months' imprisonment on the use-of-a-firearm count, to run consecutively to the other counts, for a total sentence of imprisonment of 144 months. Mr. Richards filed an appeal, which the Tenth Circuit dismissed in May 2012 after reviewing the *Anders* brief filed by defense counsel and concluding that Mr. Richards had no non-frivolous grounds he could raise on appeal. *See United States v. Richards*, 483 Fed. Appx. 466 (10th Cir May 24, 2012). This matter is now before the court on two motions filed by Mr. Richards—a motion for return of seized property

(doc. 142) and a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 143). As will be explained, both motions are denied.

In his first motion, Mr. Richards, pursuant to Federal Rule of Criminal Procedure 41(g), seeks a return of $1587.00 seized from his home on March 5, 2008 in connection with a search warrant executed following two controlled purchases of marijuana. That rule provides, in pertinent part, that a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." In support of his motion, Mr. Richards first suggests that he is entitled to a return of the funds because the government failed to invoke its statutory remedy of administrative forfeiture. The court rejects this argument. By statute, the government has the right to confiscate and maintain custody over proceeds from selling illegal drugs and, at the time the government takes possession of the proceeds, it holds an unperfected right to title to it. *See United States v. Clymore*, 245 F.3d 1195, 1200 (10th Cir. 2001) (citing 21 U.S.C. § 881(a)). The government is not required to quiet title to § 881(a) property through civil forfeiture proceedings. *Id*. It may also quiet title to proceeds of criminal activity in a criminal proceeding or, as here, the government may be awarded quiet title to confiscated property in a civil equitable proceeding based upon a Rule 41(g) motion brought by one who alleges a lawful right to possession. *Id*.[1] In other words, just because the government has not attempted to quiet title by using forfeiture proceedings does not mean that the court cannot rule in favor of the government on Mr. Richards' attempt to equitably recover the currency seized during his arrest. *Id*.

---

[1] When *Clymore* was decided in 2001, Rule 41(g) was designated as Rule 41(e). In other words, what was formerly Rule 41(e) is now found at Rule 41(g) with only minor stylistic changes. *United States v. Robinson*, 516 Fed. Appx. 716, 718 n.1 (10th Cir. 2013).

Turning back to Mr. Richards' motion, then, the court bears in mind that a Rule 41(g) motion for return of property is confined by property rights defined in § 881. *Id.* at 1201. Under § 881(a), "no property right shall exist" in proceeds traceable to the sale of illegal drugs. Thus, if the government shows that the character of the property has already been conclusively established in a criminal proceeding as § 881(a) property, then the movant is not entitled to its return. *See id.* As highlighted by the government (who asserts that, in fact, $1884.00 was seized during the execution of the warrant), and as demonstrated at trial, the currency that Mr. Richards seeks was found as follows: $20.00 from a Jack Daniels tin that also contained an electronic digital scale, other drug paraphernalia, marijuana, methamphetamine and a price list; $100.00 of official agency funds used in the two controlled buys, which was commingled with an additional $1400.00 found in a Crown Royal bag in the top drawer of a file cabinet in the Northeast bedroom of the home; $275.00 from the third drawer of the same file cabinet; and $89.00 from jeans in the bathroom.

In his reply, Mr. Richards avers that the "majority" of the money seized (that is, all but the $100.00 buy money) was derived from lawful means. Mr. Richards' affidavit, however, addresses only $1400.00 of the disputed funds. According to Mr. Richards, he received a total of $1400.00 in connection with cashing two checks—one check in the amount of $755.00 from Genworth Financial and one check in the amount of $645.00 from the Social Security Administration received the day prior to his arrest. But even assuming that $1400.00 of the seized funds derived from legitimate sources, Mr. Richards does not dispute that the funds were commingled with money which, according to the evidence at trial, constituted proceeds from illegal drug trafficking. At a minimum, a significant portion (if not all) of the $1400.00 was

3

found stuffed inside a Crown Royal bag with the government's buy money in the top drawer of a filing cabinet.  In light of the fact that Mr. Richards undisputedly maintained these funds with drug proceeds and in proximity to drug paraphernalia, the court concludes that the $1400.00—regardless of the source of the funds—was ultimately intended for use or used in connection with Mr. Richards' illegal drug activities.  Because Mr. Richards has not shown that he has a right to lawful possession of the funds and an equitable right to its return, the court denies his motion.  *See United States v. Guba*, 2009 WL 2606454, at *2 (N.D. Fla. 2009) (defendant not entitled to return of seized funds even if funds were from legitimate source, where government demonstrated that funds were commingled with money used to bankroll criminal activity).

The court turns then to Mr. Richards' § 2255 petition.  Mr. Richards' first claim is that his trial counsel was constitutionally deficient because he failed to secure a plea agreement that would have resulted in a more favorable sentence than the one he received after proceeding to trial.  "To establish ineffective assistance of counsel, a defendant must show 'that counsel's representation fell below an objective standard of reasonableness' and that he was prejudiced by the deficient performance."  *United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)).  According to Mr. Richards, his trial counsel erroneously believed that Mr. Richards was a career offender such that the "best he could negotiate" was a plea agreement with a 20-year sentence and, based on that erroneous belief, he did not attempt to secure a more favorable agreement.  This argument is rejected.

To begin, the government's evidence reflects that, during Mr. Richards' trial, the government offered Mr. Richards' a Rule 11(c)(1)(C) plea agreement that would have bound the court to sentence Mr. Richards to 14 years' imprisonment but that Mr. Richards rejected this

4

offer.² Mr. Richards does not dispute this evidence, but argues only that his criminal history did not warrant such a lengthy sentence and that it would defy common sense to agree to a sentence of 14 years on the § 924(c) count when that count carried a mandatory minimum of only 5 years. This argument is based on Mr. Richards' erroneous belief that the government desired only that Mr. Richards plead guilty to the § 924(c) count and not to the drug charges as well. But the evidence reflects that the offer required Mr. Richards to plead to the drug charges as well as the § 924(c) count. In the end, then, Mr. Richards' trial counsel successfully obtained a more favorable offer than the initial offer of 20 years and Mr. Richards declined that offer. Moreover, there is simply no evidence in the record (or reasonable basis to believe) that the government would have ever offered Mr. Richards an agreement that would have resulted in a sentence less severe than the one he ultimately received. Indeed, at sentencing, the government urged the court to sentence Mr. Richards to 180 months' imprisonment and explained to the court Mr. Richards' consistent refusal to plead guilty to (and accept responsibility for) the § 924(c) count. As noted by the government at sentencing, "there was no way we were going to work out a plea that would have satisfied both sides." Because there is simply no basis to believe that Mr. Richards' trial counsel could have obtained a more favorable outcome for Mr. Richards than the 144-month sentence he received, the claim is rejected. *See United States v. Graham*, 312 Fed. Appx. 79, 86 (10th Cir. 2008) (affirming denial of § 2255 petition where defendant failed to show prejudice even assuming trial counsel's performance was deficient where it was difficult "to see what more favorable outcome [defendant] could reasonably have anticipated"); *United*

---

² Both parties state in their submissions that the Rule 11(c)(1)(C) plea agreement contemplated a 144-month sentence, but the evidence submitted with the government's response reflects an agreement of 14 years.

*States v. Howard*, 1997 WL 191496, at *1 (10th Cir. Apr. 18, 1997) (affirming denial of § 2255 petition where defendant failed to show prejudice; record was devoid of any evidence suggesting a plea resulting in a more favorable disposition would have been offered).

Mr. Richards also contends that he is entitled to relief from his sentence based on the Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2103). Because the Tenth Circuit has determined that *Alleyne* does not apply retroactively to cases on collateral review, the court must reject this argument. *See In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013).

The court declines to issue a certificate of appealability as no reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Richards' motion for return of seized property (doc. 142) is denied and his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 143) is denied. The court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Dated this 12th day of December, 2013, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge