# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

United States of America,

    Plaintiff,

v.                                                           Case No. 08-20040-01-JWL
                                                               16-2442-JWL

Michael L. Richards,

    Defendant.

## **MEMORANDUM & ORDER**

Defendant Michael L. Richards has filed a § 2255(f)(3) petition in which he seeks relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). Specifically, Mr. Richards asserts that the residual clause contained in § 4B1.2(a)'s definition of "crime of violence" is unconstitutionally vague under *Johnson* and, accordingly, that his felony conviction no longer qualifies as a "crime of violence" for purposes of the offense level enhancement that he received under § 2K2.1(a)(4). The government has moved to dismiss Mr. Richards' petition on the grounds that *Johnson* does not afford Mr. Richards any relief. *See Beckles v. United States*, 2017 WL 855781, 580 U.S. ___ (U.S. Mar. 6, 2017) (Sentencing Guidelines not subject to due process vagueness challenge; *Johnson*'s vagueness holding does not apply to Guidelines). According to the government, because *Johnson* does not apply to Mr. Richards' case, it cannot serve to restart the statute of limitations under 28 U.S.C § 2255(f)(3). In response to the

government's motion, Mr. Richards, through counsel, candidly concedes that *Beckles* forecloses his claim for relief. His motion, then, must be dismissed as untimely.[1]

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). In addition, when the court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because it is clear that Mr. Richards' petition is untimely, the court denies a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the government's motion to dismiss (doc. 179) is **granted** and Mr. Richards' motion to vacate under 28 U.S.C. § 2255 (doc. 171) is **dismissed**.

---

[1] The court had also appointed Mr. Richards' counsel to explore whether Mr. Richards might be able to raise a claim under the Tenth Circuit's decision in *United States v. Little*, 829 F.3d 1177 (10th Cir. 2016). Counsel has indicated that Mr. Richards, after consultation with counsel, does not intend to supplement his petition under the *Little* case.

**IT IS SO ORDERED.**

Dated this 17th day of May, 2017, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge