IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

       **Plaintiff,**

v.                                       Case No. 08-20040-JWL

**Michael L. Richards,**

       **Defendant.**

## MEMORANDUM & ORDER

In July 2010, a jury found defendant guilty of drug and firearm-related offenses. The court sentenced defendant to a controlling term of 144 months followed by five years of supervised release. In September 2024, the court revoked defendant's supervised release after finding him in violation of the terms of his supervised release. The court sentenced defendant to 11 months imprisonment. Defendant is incarcerated at Oxford FCI and his current projected release date is July 20, 2025.

This matter is now before the court on defendant's motion to reduce sentence (doc. 212). In his motion, defendant seeks a reduction of 90 days based on his assertions that the government now takes a "less aggressive stance on marijuana possession and felons-in-possession of firearms"; his mother's health is deteriorating rapidly; and he is not receiving medical care that he needs.

The court construes defendant's motion as one seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Tenth Circuit has endorsed a three-step test for district courts to utilize in connection with motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992

F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, a court may reduce a sentence if the defendant administratively exhausts his or her claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id*. The court denies the motion. As the government highlights in its response to the motion, defendant has not shown in his motion that he has exhausted his administrative remedies with respect to any of his arguments. Defendant has not replied to this argument. In fact, defendant's reply deadline of June 6, 2025 has long passed and he has not filed a reply or otherwise contacted the court. Defendant, then, has not submitted any evidence (or even alleged) that he has administratively exhausted his remedies or that exhaustion would be futile. The motion, then, is denied. *United States v. Hemmelgarn*, 15 F.4th 1027 (10th Cir. 2021) (exhaustion is not jurisdictional but is a mandatory claims-processing rule); *Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. 17, 20 (2017) ("If properly invoked, mandatory claim-processing rules must be enforced.").

**IT IS THEREFORE ORDERED BY THE COURT** defendant's motion to reduce his sentence pursuant (doc. 212) is denied without prejudice to refiling once he has exhausted administrative remedies.

**IT IS SO ORDERED.**

Dated this 26th day of June, 2025, at Kansas City, Kansas.

                                                        s/John W. Lungstrum  
                                             HON. JOHN W. LUNGSTRUM  
                                             United States District Judge